3:26-mj-00135

**DISTRICT OF OREGON, ss:**             **AFFIDAVIT OF JARRETT MILLER**

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Jarrett Miller, being duly sworn, do hereby depose and state as follows:

## Introduction and Agent Background

1.       I have been sworn by the U.S. Department of Justice Federal Bureau of Investigations (FBI) as a Special Federal Officer authorizing me to exercise the powers of enforcement personnel set forth in Section 878, Title 21, Unites States Code.  I am a Detective with the Multnomah County Sheriff's (MCSO) assigned to the Special Investigations Unit (SIU, also referred to as MCSO-SIU) and have been with the Sheriff's Office since September 11, 2017. I currently hold a Basic and Intermediate Police Officer Certification – accredited by the Oregon Department of Public Safety Standards & Training (DPSST).  I have attended hundreds of hours of police training including the International Narcotics Interdiction Conference, the California Narcotics Officers Conference and Oregon Narcotics Enforcement Conference which have taught the current trends in the illicit drug world, the basic profile of drug traffickers, the handling of confidential informants and more.

2.       During my employment as a sworn law enforcement officer, I have investigated hundreds of criminal incidents.  Those criminal incidents include, but are not limited to: DUII's, assaults, thefts, criminal mischiefs, robberies, burglaries, forgeries, identity thefts, weapons offenses, narcotics offenses, sex offenses, and fugitive apprehension.  I am familiar with criminal investigations and the collection of evidence, which support those criminal investigations and have personally conducted at least 50 drug investigations resulting in warrants being issued, commercial quantities of drugs seized, and felony arrests.  I have become familiar with how drug traffickers operate.

Page 1 – Affidavit of Jarrett Miller

3.      I submit this affidavit in support of a criminal complaint and arrest warrant for Carlos Bautista-Lopez (hereinafter "**Bautista-Lopez** "), male, with a date of birth of xx /xx/1973, for committing the felony offense of Possession with Intent to Distribute 40 grams or more of a Mixture and Substance containing Fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) (the "Target Offense").  For the reasons stated below, I have probable cause to believe, and I do believe, that **Bautista-Lopez** has committed the Target Offense.

4.      This affidavit is intended only to show that there is sufficient probable cause for the requested criminal complaint and arrest warrant and does not set forth all of my knowledge about this matter.  The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

## Applicable Law

5.      Title 21, United States Code, Section 841(a)(1) makes it illegal to manufacture, distribute, and possess with the intent to manufacture or distribute a controlled substance.

## Background of Investigation

6.      Over the course of the past four months, SIU has been investigating a drug trafficking organization (DTO) that has been distributing fentanyl in the Portland Metro area. SIU established a drug runner, later identified as Carlos Bautista-Lopez, who lived in a trailer on a property located at 445 SE 155th Place, Portland, OR and had an outstanding felony warrant out of Yavapai County in the State of Arizona for drug distribution.

Page 2 – Affidavit of Jarrett Miller

7. On May 13, 2026, I applied for a warrant to search Bautista-Lopez 's trailer, car (2013 black Toyota Camry) and person. The warrant was signed on May 13, 2026, by the United States Magistrate Judge Jeffrey Armistead. See Case No. 3:26-mc-00501.

8. On May 20, 2026, members of SIU and the FBI set up surveillance in the area of 445 SE 155th Place in anticipation of serving the search warrant. Detective Read told me he observed Bautista-Lopez exit the property and get into his Camry and leave. Members of SIU and the FBI followed him. A plan was devised to pin in the Camry once the opportunity presented itself to prevent the Camry from eluding. Members of SIU and the FBI were wearing agency issued raid vests bearing law enforcement identifiers and driving undercover police vehicle equipped with police lights and sirens. The Camry stopped at the stop light located at SE Stark St. at SE 174th Ave. Members of SIU and the FBI turned on their emergency lights, pinned in the car and gave Bautista-Lopez commands to get out of the vehicle. He complied and was taken into custody.

9. I searched Bautista-Lopez and located a wallet bearing $1,942.00 bulk US Currency. Bautista-Lopez told me he spoke Spanish, and I contacted a language line interpreter who assisted with translation until MCSO Deputy Hidalgo, who is fluent Spanish speaker, arrived. With the assistance of the interpreter, I recited *Miranda Warnings* to Bautista-Lopez which he acknowledged and said he understood. Bautista-Lopez was compliant with the investigation and showed me where the bindle of fentanyl was hidden in the Camry. He told me prior to being arrested, he was on the way to take the fentanyl to a customer who ordered it.

10. Bautista-Lopez provided consent to search his trailer along with the cellphone that was found in the Camry. He told me the cellphone was his work phone and showed me the phone number for the dispatcher who instructed him where to go. He signed an FBI Consent to Search Form. Bautista-Lopez told me there was fentanyl in his trailer, but he did not know the quantity.

Page 3 – Affidavit of Jarrett Miller

11.     Northwest Towing towed the Camry to their tow yard.

12.     I transported Bautista-Lopez to 445 SE 155th Place. SIU searched the trailer and located:

- 2 money remitter receipts

- A notebook ledger

- 17 bags of fentanyl (194.4g)

- Bulk US currency totaling $12,492.00

- 1 cellphone

13.     Bautista-Lopez was transported to the Multnomah County Detention Center. All items of evidence were transported to the Sheriff's Office. Sgt. Phifer used a Mobile Field Detect Test to test the suspected fentanyl found in the Camry which showed presumptive positive for fentanyl and weighed 3.6g (including packaging). Sgt. Phifer used a Mobile Field Detect Test to test the bags of suspected fentanyl found in the trailer which showed presumptive positive for fentanyl – a schedule II drug and weighed a combined total of 194.4g (including packaging). All fentanyl weighed 198g (including packaging) and both exhibits of money totaled $14,434.00. The evidence was lodged in an evidence locker.

The fentanyl and cash are depicted below:

Page 4 – Affidavit of Jarrett Miller



14.    I know that fentanyl is a Schedule II controlled substance and an extremely powerful synthetic opioid that is approximately 100 times more potent than morphine and 50 times more potent than heroin.  I know that 2 mg. of fentanyl can be a potentially fatal dose.  I know that fentanyl traffickers regularly buy and sell bulk fentanyl powder.  I know a typical user of fentanyl will either buy powdered fentanyl or counterfeit M30 pills that they will then burn it on a piece of tin foil and inhale the fumes.  Sometimes a user will simply ingest the pills or inhale the powdered fentanyl.  I know that fentanyl addicts on the street do not regularly stockpile large amounts of fentanyl but rather tend to buy a small amount of what they need and then resupply themselves when they run out.  I know that a user of powdered fentanyl will use it in quantities of less than 1/10 of a gram and will regularly buy it in amounts of less than a gram up to a couple of grams at a time.  I know that dealers of powdered fentanyl will often buy fentanyl in larger quantities and then break off and sell it in smaller qualities, sometimes prepackaging the smaller quantities of fentanyl for sale.  I know that a person possessing over 10 grams of fentanyl powder does not possess the powder for personal use but rather such a quantity indicates that it is possessed for purposes of further distribution.

/ / /

Page 5 – Affidavit of Jarrett Miller

## Conclusion

15.     Based on the foregoing, I have probable cause to believe, and I do believe, that

**Bautista-Lopez** has committed the felony offense of Possession with Intent to Distribute 40 grams

or more of a Mixture and Substance containing Fentanyl, a Schedule II controlled substance, in

violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).  I therefore request that the Court issue a

criminal complaint and arrest warrant for **Bautista-Lopez.**

16.     Prior to being submitted to the Court, this affidavit, the accompanying complaint,

and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Kemp

Strickland.  AUSA Strickland advised me that in his opinion the affidavit and complaint are legally

and factually sufficient to establish probable cause to support the issuance of the requested

criminal complaint and arrest warrant.

*By phone pursuant to Fed R. Crim. P. 4.1*
JARRETT MILLER
Special Federal Officer
Federal Bureau of Investigation

Subscribed and sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by

telephone at _8:56 am_ a.m./p.m. on May 22, 2026.

_____
HONORABLE YOULEE YIM YOU
U.S. Magistrate Judge

Page 6 – Affidavit of Jarrett Miller